UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH M. HERVOCHON,   Index No.: 14-CV-6017 (CS)

        Plaintiff,

-against-

IONA COLLEGE,
        Defendant/Third-Party Plaintiff,

-against-

HENNESSEY CONSTRUCTION CO., INC.,

        Third-Party Defendant,
        Fourth-Party Plaintiff

-against-

GOTHAM INSURANCE COMPANY,

        Fourth-Party Defendant.

-----------------------------------------------------------------X

IONA COLLEGE,
        Defendant, Third-Party Plaintiff,
        Second Third-Party Defendant,

-against-

GOTHAM INSURANCE COMPANY,

        Second Third-Party Defendant.
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF THE SUMMARY JUDGMENT MOTION

Dated: White Plains, New York
     October 8, 2015

# Table of contents

                                                                                                                             **Page**

Table of authorities .................................................................................................. ii

Summary of argument ............................................................................................... 1

Statement of facts ...................................................................................................... 1

Legal argument:

      Hervochon is entitled to summary judgment because the uncontested evidence
      before this Court shows that the collapse of the scaffold he stood on constituted a
      violation of Labor Law § 240(1) that proximately caused his injuries ............................ 2

      A.  Summary-judgment standards ............................................................... 2

      B.  Applicable law concerning Labor Law § 240(1) that supports the award of
           summary judgment to Hervochon ........................................................... 3

Conclusion ............................................................................................................ 11

# Table of authorities

Page

**Cases cited**

**United States Supreme Court**

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ...................................................................................................3

**Second Circuit Court of Appeals**

*Dister v. Cont'l Group, Inc.*,
859 F.2d 1108 (2d Cir. 1988) ......................................................................................3

*Gallo v. Prudential Residential Serv., L.P.*,
22 F.3d 1219 (2d Cir. 1994) ........................................................................................3

*Grady v. Affiliated Cent., Inc.*,
130 F.3d 553 (2d Cir. 1997) ........................................................................................2

*Scotto v. Almenas*,
143 F.3d 105 (2d Cir. 1998) ........................................................................................3

*Meiri v. Dacon*,
759 F.2d 989 (2d Cir. 1985) ........................................................................................3

*Weinstock v. Columbia Univ.*,
224 F.3d 33 (2d Cir. 2000) ..........................................................................................2

**New York State Court of Appeals**

*Abbatiello v. Lancaster Studio Assocs.*,
3 N.Y.3d 46 (2004) .....................................................................................................4

*Bland v. Manocherian*,
66 N.Y.2d 452 (1985) .................................................................................................5

*Gordon v. Eastern Ry. Supply*,
82 N.Y.2d 555 (1993) .................................................................................................5

*Panek v. County of Albany*,
99 N.Y.2d 452 (2003) .................................................................................................4

*Rocovich v. Consolidated Edison Co.*,
167 A.D.2d 524, 526, *aff'd* 78 N.Y.2d 509 (1991)..................................................................4

*Ross v. Curtis-Palmer Hydro-Elec. Co.*,
81 N.Y.2d 494 (1993)..................................................................................................4, 10

*Runner v. New York Stock Exch., Inc.*,
13 N.Y.3d 599 (2009)....................................................................................................4, 5

*Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*,
18 N.Y.3d 1 (2011)............................................................................................................4

**New York State Appellate Divisions**

*Barraco v. First Lenox Terrace Assoc.*,
25 A.D.3d 427 (1st Dep't 2006)........................................................................................9

*Bermejo v. New York City Health & Hosps. Corp.*,
119 A.D.3d 500 (2d Dep't 2014)...................................................................................6, 7

*Canas v. Harbour at Blue Point Home Own. Assn., Inc.*,
99 A.D.3d 962 (2d Dep't 2012)........................................................................................9

*Chase v. Arnell Constr. Corp.*,
98 A.D.3d 553 (2d Dep't 2012)........................................................................................7

*Ciardiello v. Benenson Capital Co.*,
273 A.D.2d 147 (1st Dep't 2000)......................................................................................8

*Crimi v. Neves Assocs.*,
306 A.D.2d 152 (1st Dep't 2003)....................................................................................11

*Dos Santos v. State of New York*,
300 A.D.2d 434 (2d Dep't 2002)......................................................................................5

*Durmiaki v. International Bus. Machines Corp.*,
85 A.D.3d 960 (2d Dep't 2011)........................................................................................9

*Fabiano v. State of New York*,
123 A.D.3d 1262 (3d Dep't 2015)....................................................................................7

*Fanning v. Rockefeller Univ.*,
106 A.D.3d 484 (1st Dep't 2013)....................................................................................10

*Grant v. City of New York*,
109 A.D.3d 961 (2d Dep't 2013) ............................................................................................. 9

*Harris v. 170 E. End Ave., LLC*,
71 A.D.3d 408 (1st Dep't 2010) ............................................................................................ 10

*In re East 51st St. Crane Collapse Litig.*,
89 A.D.3d 426 (1st Dep't 2011) .............................................................................................. 6

*Jablonski v. Everest Constr. & Trade Corp.*,
264 A.D.2d 381 (2d Dep't 1999) ......................................................................................... 5, 8

*Kim v. D&W Shin Realty Corp.*,
47 A.D.3d 616 (2d Dep't 2008) .............................................................................................. 9

*McCarthy v. Turner Constr., Inc.*,
52 A.D.3d 333 (1st Dep't 2008) ............................................................................................ 10

*Orellano v. 29 E. 37th St. Realty Corp.*,
292 A.D.2d 289 (1st Dep't 2002) .......................................................................................... 11

*Ramirez v. Metropolitan Transp. Auth.*,
106 A.D.3d 799 (2d Dep't 2014) ......................................................................................... 8, 9

*Reinoso v. Ornstein Layton Mgmt., Inc.*,
19 A.D.3d 678 (2d Dep't 2005) .............................................................................................. 5

*Saeed v. NY/Enterprise City Home Hous. Dev. Fund Corp.*,
303 A.D.2d 484 (2d Dep't 2003) ............................................................................................ 9

*Thompson v. St. Charles Condominiums*,
303 A.D.2d 152 (1st Dep't 2003) ............................................................................................ 6

**Statutes cited**

Fed.R.Civ.P. 56(c) ......................................................................................................................... 2

Labor Law § 240(1) .............................................................................................................. *passim*

## Summary of argument

Under the absolute liability imposed under New York's Labor Law § 240(1), the collapse of an enumerated safety device such as a scaffold entitles a plaintiff to summary judgment on the issue of liability. Here, Kenneth Hervochon worked for Hennessey Construction Co., Inc. at a renovation project at Iona College. Hervochon's work involved the alteration of the college's administration building and required him to work on a scaffold. As he worked on the scaffold, one of its planks gave way, and Hervochon fell to the ground. Thomas Hennessey confirmed that when he arrived shortly after the incident, Hervochon *and* the scaffold plank were on the ground. Therefore, Hervochon has proven that a statutory violation of § 240(1) proximately caused his accident, and he asks this Court to grant him summary judgment.

## Statement of facts

The relevant facts of this matter are contained in Local Rule 56.1 Statement of Uncontested Material Facts that accompanies this Memorandum, and in the attached affidavits and exhibits.

## Legal argument

**Hervochon is entitled to summary judgment because the uncontested evidence before this Court shows that the collapse of the scaffold he stood on constituted a violation of Labor Law § 240(1) that proximately caused his injuries.**

The facts as to the happening of the incident are not in dispute: Hervochon was on a Hennessey Construction scaffold when the plank he stood on collapsed underneath him. As a result, Hervochon and the plank fell to the ground. At the time, Hervochon was performing covered work. In other words, Hervochon fell from an enumerated safety device while performing construction-related work. Iona College owned the property and building where the incident occurred, and it is absolutely liable under Labor Law § 240(1). Thus, Hervochon should be awarded summary judgment.

### A. *Summary-judgment standards*

The party moving for summary judgment has the burden of showing there is no genuine dispute of the material facts. *See, Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 559 (2d Cir. 1997). Summary judgment is appropriate where there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). While the moving party bears the initial burden to prove the absence of any genuine issues of material fact, once it makes this showing, the party opposing the motion "must 'set forth specific facts showing that there is a genuine issue for trial.'" (citation omitted) *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

"When no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no genuine issue of material fact and a grant of summary judgment is

proper." *Gallo v. Prudential Residential Serv., L.P.*, 22 F.3d 1219, 1224 (2d Cir.1994). Once the moving party has satisfied its burden, its opponent "must do more than simply show that there is some metaphysical doubt as to the material facts," (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)) and "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). When a motion for summary judgment is made, it is time to "to put up or shut up...[U]nsupported allegations do not create a material issue of fact." *Weinstock, supra*, 224 F.3d at 41.

While it has been said that summary judgment should be used sparingly in cases where a material fact at issue is the defendant's intent, a plaintiff must nevertheless offer some "concrete evidence" and is "not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988). As the Second Circuit has ruled, "[t]he summary judgment rule would be rendered sterile...if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

**B.      Applicable law concerning Labor Law § 240(1) that supports the award of summary judgment to Hervochon.**

New York's Labor Law § 240(1), also known as the Scaffold Law, protects workers from elevation-related risks as it imposes absolute liability upon owners and contractors for construction-related incidents:

> All contractors and owners and their agents ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and

operated as to give proper protection to a person so employed.

Here, there is no debate Hervochon was performing construction-related work while on a scaffold—an enumerated safety device. In determining whether § 240(1) applies, "the dispositive inquiry...does not depend upon the precise characterization of the device employed. Rather, the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential." *See Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1, 10 (2011), *quoting Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599, 603 (2009). The Court of Appeals has consistently "observed that the purpose of the statute is to protect workers by placing ultimate responsibility for safety practices on owners and contractors instead of on workers themselves." *Abbatiello v. Lancaster Studio Assocs.*, 3 N.Y.3d 46, 50 (2004), *quoting Panek v. County of Albany*, 99 N.Y.2d 452, 457 (2003).

Labor Law § 240(1) was enacted to "prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of force of gravity to an object or person." *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501 (1993). Thus, Labor Law § 240(1) is implicated in "situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite." *Rocovich v. Consolidated Edison Co.*, 167 A.D.2d 524, 526, *aff'd* 78 N.Y.2d 509 (1991).

Significantly, the duties delineated in Labor Law § 240(1) are nondelegable, and owners and contractors are thus liable for the violations of their agents even if the owners and contractors have not exercised supervision and control of the injured worker or his work. *See Gordon v.*

*Eastern Ry. Supply*, 82 N.Y.2d 555, 559 (1993). Absolute liability is imposed where a breach has proximately caused a plaintiff's injury. *See Bland v. Manocherian*, 66 N.Y.2d 452, 459 (1985). A statutory violation is present where an owner or general contractor fails to provide a worker engaged in § 240(1) activity with "adequate protection against a risk arising from a physically significant elevation differential." *Runner, supra*, 13 N.Y.3d at 603.

In order to establish prima facie liability under Labor Law § 240(1), "a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries." *Reinoso v. Ornstein Layton Mgmt., Inc.*, 19 A.D.3d 678, 678 (2d Dep't 2005). Here, the depositions show Hervochon was injured as a result of a fall that occurred when the scaffold plank on which he was standing collapsed underneath him. These undisputed facts demonstrate Hervochon's prima facie entitlement to judgment as a matter of law with respect to Labor Law § 240(1). *See Jablonski v. Everest Constr. & Trade Corp.*, 264 A.D.2d 381, 382 (2d Dep't 1999) ("The fact that the planking underneath the plaintiff collapsed established a prima facie case of liability under Labor Law § 240(1), since a collapse would not have occurred if the safety device had been properly constructed so as to give adequate protection."). Moreover, "[p]roof of a collapse of a safety device constitutes a prima facie showing that the statute was violated and that the violation was a proximate cause of the worker's injuries, thereby establishing the claimant's entitlement to judgment as a matter of law on the issue of liability." *Dos Santos v. State of New York*, 300 A.D.2d 434, 434 (2d Dep't 2002).

The Appellate Division, First Department has specifically ruled "where a safety device has been furnished, and it collapses, a prima facie case of liability under Labor Law § 240(1) is established." *Thompson v. St. Charles Condominiums*, 303 A.D.2d 152, 154 (1st Dep't 2003). In

this circumstance, owners and general contractors are absolutely liable "even if they do not have a continuing duty to supervise the use of safety equipment." *In re East 51st St. Crane Collapse Litig.*, 89 A.D.3d 426, 428 (1st Dep't 2011) (internal citation omitted).

Here, Hervochon stood on the scaffold, pushing up as he drilled screws into the ceiling. (Statement of Facts 57-59). As he worked, he testified that it was as if "someone pulled the rug out from under me, I went straight down, straight down, I fell." (Statement of Facts 60). Hervochon and the wood platform fell to the ground. (Statement of Facts 60-61, 63). Hennessey confirmed Hervochon's account. When Hennessey arrived shortly after the incident, he saw Hervochon "lying on the ground, beneath the scaffold, his legs under the scaffold, his torso towards the side of the scaffold and the baker board or the plywood platform was off to the side." (Statement of Facts 75). Hennessey agreed that the scaffold's plywood was also off the scaffold and lying flat on the ground. (Statement of Facts 76). On these facts, Hervochon has demonstrated prima facie entitlement to partial summary judgment on the issue of Labor Law § 240(1) liability.

Numerous appellate courts in New York have considered similar scenarios and awarded summary judgment to plaintiffs. In *Bermejo v. New York City Health & Hosps. Corp.*, 119 A.D.3d 500 (2d Dep't 2014), plaintiff worked for J.P. Marble & Tile and was injured when the wooden platform of the scaffold upon which he was working collapsed, causing him to fall through the metal framework of the scaffold to the floor below. Plaintiff's coworkers arrived to find one end of the platform on the floor and the other end hanging from the scaffold at a 45-degree angle. The Appellate Division, Second Department ruled "[s]ince the scaffold collapsed, the plaintiff established, prima facie, that he was not provided with an adequate safety device to

do his work, as required by Labor Law § 240(1), and that this statutory violation was a proximate cause of his injury." *Id.*, 119 A.D.3d 501-1 (citations omitted).

The Third Department addressed the situation where a scaffold plank collapsed in *Fabiano v. State of New York*, 123 A.D.3d 1262 (3d Dep't 2015). In *Fabiano*, claimant worked for a contractor hired to paint one of the State's bridges and was injured when he stepped on a scaffold plank that collapsed, causing him to fall to the pavement below and sustain injuries. The Third Department affirmed the award of summary judgment to claimant where the defendant conceded claimant demonstrated his entitlement to judgment upon the collapse of the scaffold. The Appellate Division ruled the defendant failed to raise a question of fact about whether there was a statutory violation, and whether claimant's own acts or omissions were the sole proximate cause of his accident. *Id.*

The facts in *Chase v. Arnell Constr. Corp.*, 98 A.D.3d 553 (2d Dep't 2012) involved a collapse. In *Chase*, plaintiff—an ironworker employed by North American Iron Works—was injured while constructing a multi-story addition to a school in the Bronx. The accident occurred when the floor, which consisted of sheet metal decking, collapsed underneath the injured plaintiff as he was walking on it. The Appellate Division found plaintiff met his prima facie burden of establishing that the defendants' violation of Labor Law § 240(1) was a proximate cause of his accident. *Id.*, 98 A.D.3d at 554. In opposition, the defendants failed to raise a triable issue of fact as to whether plaintiff's actions were the sole proximate cause of his accident. *Id.*

The uncontested proof shows that Hervochon fell when a scaffold plank gave way or collapsed underneath him. In *Ciardiello v. Benenson Capital Co.*, 273 A.D.2d 147 (1st Dep't 2000), plaintiff was awarded summary judgment as to liability under § 240(1) because the proof

showed that, in the course of his employment as a mason tender, he fell from a scaffold six or seven feet to the ground when one of the scaffold's planks gave way. In opposition, the third-party defendant speculated that the accident might not have happened in the manner described by plaintiff or might not have happened at all, and the First Department rejected these arguments. *Id.*

In *Jablonski, supra*, plaintiff was employed in connection with the renovation of a 15-story apartment building in Manhattan. Scaffolding in the form of a sidewalk bridge or shed was erected along the building's perimeter to protect pedestrians from any unsafe conditions around the building, as well as to provide workers with access to supplies which were stored on the scaffolding. Plaintiff was walking on the bridge to obtain caulking compound which was stored there when he fell when one of the wood planks of the bridge collapsed. The Appellate Division noted § 240(1) required the type of bridge involved be constructed so as to provide workers with proper protection. *Id.*, 264 A.D.2d at 382. The court then held that the fact that the planking underneath collapsed established a prima facie case of liability under § 240(1), since a collapse would not have occurred if the safety device had been properly constructed so as to give adequate protection. *Id.*

Similarly, in *Ramirez v. Metropolitan Transp. Auth.*, 106 A.D.3d 799 (2d Dep't 2014), plaintiff allegedly was injured while working on elevated subway tracks, when a plank on a catwalk on which he was standing broke. Plaintiff fell part of the way through the catwalk to his thigh, catching himself with his arm. The Second Department concluded plaintiff satisfied his burden of proof and awarded him summary judgment on liability under § 240(1). *Id.*; *see also*, *Barraco v. First Lenox Terrace Assoc.*, 25 A.D.3d 427, 428 (1st Dep't 2006) (plaintiff makes out a prima facie case of liability under § 240(1) by the fact that the unsupported corrugated metal

8

overhang of a sidewalk bridge collapsed as he walked on it, causing him to fall and sustain injuries); and *Saeed v. NY/Enterprise City Home Hous. Dev. Fund Corp.*, 303 A.D.2d 484 (2d Dep't 2003) (the collapse of the scaffold constituted a prima facie case of liability under § 240(1)).

Iona College and Hennessey Construction may argue in opposition that questions exist as to whether Hervochon was the sole proximate cause of the incident. But as a matter of law, Hervochon cannot be the sole proximate cause of the accident where the safety device he was provided with failed. Where it is "apparent that the safety devices provided to plaintiff did not properly protect him from an elevation-related hazard" plaintiff's actions cannot be considered the sole proximate cause of an accident. *See Grant v. City of New York*, 109 A.D.3d 961 (2d Dep't 2013) (granting plaintiff summary judgment on § 240(1) and holding that defendants failed to raise an issue of fact by arguing plaintiff should have used a "safer" method of working); *Canas v. Harbour at Blue Point Home Own. Assn., Inc.*, 99 A.D.3d 962, 964 (2d Dep't 2012) ("Since the plaintiff was provided with only one unsecured ladder and no safety devices, the plaintiff cannot be held solely at fault for his injuries."); *Durmiaki v. International Bus. Machines Corp.*, 85 A.D.3d 960 (2d Dep't 2011); and *Kim v. D&W Shin Realty Corp.*, 47 A.D.3d 616 (2d Dep't 2008) (the defendants did not prove plaintiff was the sole cause of the accident by failing to hold onto the ladder or heed instructions to stop working).

Iona College and Hennessey may also contend summary judgment should not be granted because an issue of fact exists as to what scaffold Hervochon was using. This argument fails for two reasons. First, the testimony was consistent Hervochon was using the red/orange scaffold. Hervochon acknowledged in his errata sheet he made an error in his testimony and corrected it.

Hennessey's testimony confirmed this recollection. Second, it does not matter what scaffold Hervochon was using: the compelling fact is that the scaffold he was standing on failed. Thus, it failed to satisfy the statutory objective of protecting workers from elevation-related risks.

The opposition may contend issues exist as to whether the scaffold Hervochon was using had any defects. But the fact that Hervochon, or any plaintiff in a Labor Law case, cannot point to any particular defect in a safety device will not be sufficient to defeat his entitlement to summary judgment where the device fails to serve its purpose. *See Harris v. 170 E. End Ave., LLC*, 71 A.D.3d 408 (1st Dep't 2010). Labor Law § 240(1) "evinces a clear legislative intent to provide 'exceptional protection' for workers against the 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured.'" *Ross, supra*, 81 N.Y.2d at 500-1. As the First Department ruled in *Harris*, "(t)he statute is one of strict liability. Therefore, it is irrelevant that a safety device was provided if an accident that the device was intended to prevent still befalls the plaintiff." *Id.*, 71 A.D.3d at 409.

The Appellate Division, First Department upheld Hervochon's position in *Fanning v. Rockefeller Univ.*, 106 A.D.3d 484 (1st Dep't 2013). In *Fanning*, the Appellate Division ruled plaintiff established prima facie entitlement to judgment as a matter of law through testimony that when the unsecured A-frame ladder on which he was working suddenly moved, he fell and was injured. *Id.*, 106 A.D.3d at 484-85. Significantly, the First Department held plaintiff "was not required to present further evidence that the ladder was defective" because it failed to protect him from falling. *Id.*, at 485. Succinctly, Hervochon is not required to show that the scaffold was defective in some way as part of his prima facie case for summary judgment. *See, McCarthy v. Turner Constr., Inc.*, 52 A.D.3d 333 (1st Dep't 2008). "It is sufficient for purposes of liability

under section 240(1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent." *Orellano v. 29 E. 37th St. Realty Corp.*, 292 A.D.2d 289, 290-91 (1st Dep't 2002).

Here, there was uncontested evidence that the incident occurred when the safety device Hervochon was supplied with failed. As a result of the scaffold plank collapsing, Hervochon fell to the ground. Significantly, Hennessey testified he could think of nothing Hervochon did wrong or anything he did that caused the accident. Therefore, there was no debate that the incident was attributable to Iona College's failure to supply statutorily mandated safety devices to protect him from the risks arising from an elevation differential. *See Crimi v. Neves Assocs.*, 306 A.D.2d 152 (1st Dep't 2003).

The straightforward facts of this case support the granting of Hervochon's summary-judgment motion. He was on a scaffold performing construction work when a scaffold plank on which he was standing collapsed. Hervochon was exposed to an elevation-related risk, and he fell when an enumerated safety device failed. Thus, he proved a violation of § 240(1) proximately caused his fall, and he asks this Court to grant his summary-judgment motion.

### Conclusion

The facts in this case show Iona College violated New York's Labor Law § 240(1) as it failed to provide Hervochon with adequate safety equipment. While working for Hennessey Construction on a project at Iona College, Hervochon fell from a scaffold when the scaffold plank he was standing on collapsed. Hennessey confirmed Hervochon and the plank were on the ground when he arrived shortly after the incident. As an owner, Iona College is absolutely liable under § 240(1). Thus, Hervochon demonstrates that a statutory violation of § 240(1) proximately

caused his accident, and he asks this Court to grant him summary judgment against Iona College.

Dated: White Plains, New York
       October 8, 2015

                              Respectfully submitted,

                              /s/ William G. Kelly
                              William G. Kelly, Esq.
                              GOLDBERG SEGALLA LLP
                              Attorneys for Plaintiff
                              11 Martine Avenue, Suite 750
                              White Plains, New York 10606-1934
                              (914) 798-5400

TO: Joshua Hackman, Esq.
Menz Bonner Komar & Koenigsberg LLP
444 Madison Avenue, 39th Floor
New York, NY 10022
Attorneys for Third-Party Defendant Hennessey Construction

Peter A. Meisels, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
Attorneys for Defendant Iona College

Ann Odelson, Esq.
Carroll, McNulty & Kull, LLC
570 Lexington Avenue
8th Floor
New York, NY 10022
Attorneys for Third-Party Defendant Gotham Insurance Company