

570 Lexington Avenue
8th Floor
New York, New York 10022

O 212.252.0004
F 212.252.0444

cmk.com

December 30, 2016

**Via ECF and Electronic Mail**
Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
Courtroom 621
300 Quarropas Street
White Plains, New York 10601-4150

    Re: **Kenneth M. Hervochon v. Iona College, et al.**
       **Civil No. 14-CV-6017 (CS)**

Dear Judge Seibel:

  We represent third-party defendant Gotham Insurance Company ("Gotham") in this matter and write in response to the December 19, 2016 letter from counsel for Iona College ("Iona") regarding the applicability of the September 19, 2016 decision in Taunus Corp. v. Zurich American Ins. Co., 2016 WL 5104835 (N.Y. Co. 2016), to this matter.

  As discussed more fully in Gotham's December 15, 2016 correspondence, the court in Taunus ultimately held that, because a contract between Deutsche Bank Trust Company Americas and DBAB Wall Street LLC ("Deutsche Bank") and Zurich's insured, Gilbane Building Company ("Gilbane"), had only been signed by Gilbane (and not by Deutsche Bank), the contract had not been "executed" prior to the accident– thus, the Additional Insured Endorsements to the Zurich policies, which required execution of the contract prior to the loss, had not been implicated.

  Gotham acknowledges that the Additional Insured Endorsement to its policy, pursuant to which Iona seeks coverage here, does not contain the word "executed." The exception to the Contractual Liability exclusion in the Gotham Policy, which bars coverage for Hennessey, however, does.[1] Accordingly, as stated in Gotham's December 15 letter, the Taunus decision clearly stands for the proposition that, because Iona did not sign its contract with Hennessey until

---

[1] More specifically, the Contractual Liability exclusion provides that it does not apply to liability for damages assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" occurs subsequent to the execution of the contract or agreement. Because the contract between Iona and Hennessey was not executed prior to the accident, the exclusion applies.

CMK CARROLL MCNULTY KULL LLC
COUNSELLORS AT LAW
BASKING RIDGE | NEW YORK | PHILADELPHIA | CHICAGO



Hon. Cathy Seibel, U.S.D.J.
December 30, 2016
Page 2                                    Kenneth M. Hervochon v. Iona College, et al.

---

after Mr. Hervochon's accident – such that the contract was not "executed" prior to the accident – there is no coverage for Hennessey under the Gotham Policy in this matter.

We also note that Gotham has not denied coverage to Iona based on an exclusion (as its counsel continually suggests), but because the conscious decision of its Vice President not to sign the contract prior to the accident evidences the lack of a meeting of the minds between Iona and Hennessey at the time of the accident. Thus, there was no written contract or agreement between Iona and Hennessey, which is necessary to implicate the Additional Insured Endorsement.

As to Gotham's discussion of Flores v. Lower E. Side Serv. Ctr., 4 N.Y.3d 363, 795 N.Y.S.2d 491, (2005), the Gotham Policy's Additional Insured Endorsement provides that coverage is afforded where Hennessey and the purported additional insured "have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on [the] policy." The existence *vel non* of a "valid and enforceable" agreement between Iona and Hennessey is irrelevant – particularly where, as here, Mr. Hennessey testified that his company sometimes performed work for Iona with no written contract in place. Because Iona's Vice President purposefully declined to sign the contract prior to the accident, there simply was no written contract or agreement– regardless of whether any agreement as between Hennessey and Iona for the work in McSpeedon Hall is deemed "valid and enforceable" after the fact.

Accordingly, for the reasons set forth in Gotham's motion papers, its December 15, 2016 correspondence, and herein, it is respectfully submitted that neither Iona nor Hennessey is entitled to coverage under the Gotham Policy in connection with the Hervochon lawsuit.

We thank the Court for its attention to this matter.

Very truly yours,

Ann Odelson

cc:     counsel of record *(via ECF and email)*