

Peter A. Meisels
914.872.7156 (direct)
Peter.Meisels@wilsonelser.com

January 9, 2017

**Via ECF and Electronic Mail**

Honorable Cathy Seibel, *U.S.D.J.*
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: <u>Kenneth Hervochon v. Iona College v. Hennessey Construction Co. Inc.</u>
<u>Kenneth Hervochon v. Iona College v. Gotham Insurance Company</u>
Docket No. 14 CV 6017 (CS)

Dear Judge Seibel:

We represent Iona College ("Iona") in this personal injury diversity action. We are writing in response to third-party defendant Gotham Insurance Company's ("Gotham) letters supplementing its arguments in support of its opposition to Iona's motion for summary judgment and its cross-motion for summary judgment. To avoid repetition, Iona adopts the arguments raised in Hennessey Construction Co. Inc.'s ("Hennessey") letter on the same subject dated January 5, 2017.

Gotham continues to ignore the fundamental difference between a denial of coverage based on the language of an additional insured endorsement, as was the case in *Taunus*,[1] and the denial of coverage based on a policy exclusion.[2] In the former scenario it is the purported additional insured's burden to demonstrate that it comes within the scope of the additional insured endorsement; in the latter it is the insurer's burden to demonstrate that the exclusion applies. Indeed, under the settled case law, to disclaim coverage based on a policy exclusion an insurer must demonstrate that the interpretation of the exclusion

---

[1] *Taunus Corp. v. Zurich American Ins. Co.*, 2016 WL 5104835 (Sup. Ct. N.Y. Co. 2016).

[2] *United States Underwriters Ins. Co. v. Zabar*, 1999 U.S. Dist. LEXIS 9506, at *6 (E.D.N.Y. May 28, 1999) (when an insurer seeks to invoke an exclusionary clause in order to disclaim coverage the insurer has the burden of demonstrating that the exclusion applies in "clear and unmistakable language," which is "subject to no other reasonable interpretation."

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains

wilsonelser.com

6304928v.1

that results in a denial of coverage is the only fair and reasonable interpretation of the policy exclusion. Based on this well settled rule, the Second Circuit has observed that "New York law requires that any ambiguity with respect to an exclusionary clause must be resolved in favor of the insured as a matter of law." *Burke v. Ulico Cas. Co.*, 165 Fed. Appx. 125, 127 (2d Cir. 2006). The law in New Jersey is no different. *See e.g.*, *Flomerfelt v. Cariello*, 997 A.2d 991, 997 (N.J. 2010).

Here, Iona has demonstrated that it falls with the scope of the additional insured endorsement and that the exclusion is ambiguous if not contradictory.

In its December 30, 2016 letter Gotham takes the position that its denial of coverage, which it admittedly based on a policy *exclusion*, has support from the *Taunus* decision. However, the *Taunus* court did not deal with a denial of coverage based on an exclusion, but rather was addressing a coverage issue based on the express language contained in the "Blanket Additional Insured" endorsement of the subject Zurich policy.[3] Unlike *Taunus*, by relying on an exclusion to coverage Gotham bears the burden of showing that its interpretation of its policy is the only fair and reasonable interpretation. And unlike *Taunus*, where as here, there are conflicting clauses in a policy - specifically, the additional insured endorsement,[4] the exclusion[5] and the insured contract definition[6] - any ambiguity must be construed in favor of the insured, particularly where the ambiguity is found in exclusionary clauses.[7]

---

[3] For the Court's reference copies of the relevant portions of the Zurich Policy, i.e., the cover page, Blanket Additional Insured endorsement, and signature page are enclosed herewith. These documents are part of the full Zurich Policy which was filed in *Taunus*. Accordingly, pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the fact of these documents. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) (courts routinely take judicial notice of documents filed in other courts...to establish the fact of such litigation and related filings).

[4] The additional insured endorsement in the Gotham Policy states, in relevant part: "Additional Insured – Owners, Lessees or Contractors – Scheduled Person Or Organization: Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." *See* Meisels Decl. Ex. C [CG 20 10 07 04] (Hennessey 00061), at §II(A).

[5] "2. Exclusions. This insurance does not apply to: b. Contractual liability. "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." This exclusion does not apply to liability for damages: Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement. *See* Meisels Decl. Ex. C (Hennessey 00014), at §I(2)(b)(2).

[6] "'Insured contract' means: That part of any other contract or agreement pertaining to your business...under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization." *See* Meisels Decl. Ex. C (Hennessey 00024), at §V(9)(f).

[7] *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 1992 U.S. Dist. LEXIS 6255, at *22 (S.D.N.Y. April 21, 1992), quoting *Board of Ed. Yonkers City School District v. CNA Ins. Co.*, 647 F. Supp. 1495, 1504 (S.D.N.Y. 1986).

Additionally, Gotham would have this Court believe that based solely on Iona's signing the contract after the accident there was "no meeting of the minds" between Hennessey and Iona and therefore no written contract or agreement implicating the Gotham policy's additional insured endorsement. There is an underlying disingenuousness to Gotham's argument because, contrary to Gotham's assertion, all of the testimony and evidence squarely points to a valid, binding, enforceable, *written* contract or agreement as between Hennessey and Iona thus satisfying the requirements set forth in the Gotham policy's additional insured endorsement.

Gotham's representation that Iona's Vice President at the time made a "conscious" decision not to "sign the contract prior to the accident" and that he "purposefully declined to sign" the contract is not based on any evidence before this Court. In fact, despite it being inadmissible double hearsay, Richard Murray (Iona's facilities manager) testified that Iona's Vice President when presented with the written contract signed by Hennessey merely told him, "let's wait on this for now."[8] Despite Gotham's repetitive "say so" there was indeed a "meeting of the minds" as between Hennessey and Iona. In fact, in its motion papers, Gotham acknowledged that a *written* contract between Hennessey and Iona existed and that the written contract was in fact signed by Hennessey prior to Hennessey commencing work.[9] Indeed, as set forth in Iona's motion papers, the evidence shows that the physical contract itself was created and provided to the contracting parties in March, 2013.[10] The parties mutually understood that the written contract contains all of the terms and conditions of Hennessey's work for the McSpeddon Hall Project, and the parties mutually understood that Hennessey's work on the McSpeddon Hall Project was pursuant to the contract.[11] There were no issues or disputes between the parties relating to the terms of the contract, and there was no particular reason why Iona did not sign the agreement until after the McSpeddon Hall Project had been completed and Hennessey had been fully paid for the work.[12]

Gotham's belated argument that there was "no meeting of the minds" between Hennessey and Iona and therefore no written contract or agreement existed is simply at odds with the evidence before the Court. Hennessey and Iona were performing under a fully formed, *written* contract or agreement prior to the accident and therefore, under either New York[13] or New Jersey[14] law, both Hennessey as insured, and Iona as additional insured are entitled to coverage.

---

[8] Meisels Decl., Ex. O (Murray Dep.) at 48:22-49:11; *see also* Gotham Mem. of Law, at Point II-B, p.g. 13.

[9] *See* Gotham Mem. of Law, at Point II-B, p.g 13.

[10] Meisels Decl Ex. P (Hennessey Dep.), at 57:3-7; *see also* Meisels Dep. Ex. O (Murray Dep.), at 43:22-44:6

[11] Meisels Decl. Ex. P (Hennessey Dep.), at 98:15-24; Ex. O (Murray Dep.), at 79:20-25; 80:2-3

[12] Meisels Decl. Ex. O (Murray Dep.), at 80:14-24; 81:9-82:4.

[13] *See Burke v. Ulico Cas. Co.*, 165 Fed. Appx. 125, 127 (2d Cir. 2006).

[14] *See Flomerfelt v. Cardiello*, 997 A.2d 991, 996-97 (N.J. 2010) (holding that if a reasonable insured would have believed it had coverage, even if a "close reading" or "painstaking analysis" might yield a contrary result, a Court is required to construe the policy exclusion against the insurer and in favor of coverage) *see also Geraczynksi v. National Railroad Passenger Corp.*, 2015 WL 4623466, at *6 (D.N.J. July 31, 2015) (policy "clearly provides that coverage will be provided to an additional insured where there has been a written or signed manifestation of a commitment by [the insured] to include the vendor in the policy").

Hon. Cathy Seibel, *U.S.D.J.*
January 9, 2017
Page 4

Respectfully yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Peter A. Meisels
Partner

cc: All Parties (Via ECF)
chambersnysdseibel@nysd.uscourts.gov (PDF)

# ZURICH-AMERICAN INSURANCE GROUP
COMMERCIAL INSURANCE

**COMMON POLICY DECLARATIONS**

Policy Number GLO 3495312-00  
Named Insured and Mailing Address  
GILBANE  
7 JACKSON PARKWAY  
PROVIDENCE RI 02940

Renewal of Number  NEW  
Producer and Mailing Address  
AON RISK SVCS., INC. OF RI  
50 KENNEDY PLAZA FLR 10  
PROVIDENCE RI 02903

Producer Code 10182-000

Policy Period: Coverage begins 06-30-00 at 12:01 A.M.; Coverage ends 06-30-03 at 12:01 A.M.

The named insured is ☐ Individual ☐ Partnership ☒ Corporation ☐ Other:

This insurance is provided by one or more of the stock insurance companies which are members of the Zurich-American Insurance Group. The company that provides coverage is designated on each Coverage Part Common Declarations. The company or companies providing this insurance may be referred to in this policy as 'The Company', we, us, or our. The address of the companies of the Zurich-American Insurance Group are provided on the next page.

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE(S):**

GENERAL LIABILITY COVERAGE  
issued by ZURICH AMERICAN INSURANCE COMPANY  PREMIUM $ REDACT

THIS PREMIUM MAY BE SUBJECT TO AUDIT.  
This premium does not include Taxes and Surcharges.  
TOTAL $ REDACT  
SEE INSTALLMENT SCHEDULE

Taxes and Surcharges  
TOTAL $

The Form(s) and Endorsement(s) made a part of this policy at the time of issue are listed on the SCHEDULE of FORMS and ENDORSEMENTS.

Countersigned this _____ day of _____  
Authorized Representative

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART FORM(S), FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

ISSUING OFFICE COPY

U-GU-D-310-A (01/93)  
Page 1 of 1

ZURICHG 0001

**ZURICH-AMERICAN INSURANCE GROUP**
COMMERCIAL INSURANCE

**LIABILITY INSURANCE**
ENDORSEMENT

Insurance for this coverage part provided by:
ZURICH AMERICAN INSURANCE COMPANY

This endorsement changes the policy. Please read it carefully.

### BLANKET ADDITIONAL INSURED

IT IS AGREED THAT SECTION II- WHO IS AN INSURED IS AMENDED TO INCLUDE AS AN ADDITIONAL INSURED ANY PERSON OR ORGANIZATION YOU ARE REQUIRED BY WRITTEN CONTRACT TO INCLUDE AS AN ADDITIONAL INSURED. INSURANCE FOR THESE PERSONS OR ORGANIZATIONS SHALL BE LIMITED TO THE EXTENT OF THE COVERAGE AND LIMITS OF LIABILITY REQUIRED BY WRITTEN CONTRACT AND ONLY WITH RESPECT TO LIABILITY ARISING OUT OF "YOUR WORK", WHETHER PERFORMED FOR THAT INSURED BY OR FOR YOU. THE WRITTEN CONTACT MUST BE EXECUTED PRIOR TO THE OCCURRENCE OF ANY LOSS. THE EXTENT OF COVERAGE AND THE LIMITS OF LIABILITY OF TIES CONTRACT SHALL NOT INCREASE THE LIMITS STATED IN SECTION I- LIMITS OF INSURANCE OR THE EXTENT OF COVERAGE STATED IN THIS POLICY.

U-GL-113-B CW (04/89)

ISSUING OFFICE COPY

ZURICHG 0022

## Important Notice - In Witness Clause

In return for the payment of premium and subject to all the terms of the policy, we agree with you to provide insurance as stated in this policy. This policy shall not be valid unless countersigned by the duly authorized Representative of the Company.

In Witness Whereof, this Company has executed and attested these presents and, where required by law, has caused this policy to be countersigned by its duly authorized Representative.

President
Zurich American Insurance Company

Corporate Secretary
Zurich American Insurance Company

QUESTIONS ABOUT YOUR INSURANCE? Your agent or broker is best equipped to provide information about your insurance. Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich North America
Customer Inquiry Center
1400 American Lane
Schaumburg, Illinois 60196-1056
1-800-382-2150 (Business Hours: 8 a.m. - 4 p.m. [CT])

ZURICHG 0189