

570 Lexington Avenue
8th Floor
New York, New York 10022

○ 212.252.0004
⊙ 212.252.0444

cmk.com

The other parties will please respond to this letter by 5/26/17.

SO ORDERED.



CATHY SEIBEL, U.S.D.J.

May 19, 2017

May 19, 2017

**Via ECF and Electronic Mail**
Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
Courtroom 621
300 Quarropas Street
White Plains, New York 10601-4150

      **Re:**    **Kenneth M. Hervochon v. Iona College, et al.**
                   **Civil No. 14-CV-6017 (CS)**

Dear Judge Seibel:

      We represent third-party defendant Gotham Insurance Company ("Gotham") in this matter and write with respect to Your Honor's May 16, Order requiring counsel for Iona College ("Iona") and Gotham to advise the Court of their respective experts' availability on the dates proposed by plaintiff's counsel for trial.

      Gotham respectfully submits that, in view of the Court's March 16, 2017 Decision and Order holding that both Iona and Hennessey Construction Co., Inc. are covered under the Gotham Policy, it is unnecessary for Gotham to proceed in the trial of Mr. Hervochon's claims.

      To the extent a trial is held regarding any of the claims against Gotham, we respectfully ask that the Court sever those claims from the main action, as Gotham's participation in the Hervochon trial would be prejudicial to Gotham under New York law. See, e.g., Kelly v. Yannotti, 4 N.Y.2d 603, 176 N.Y.S.2d 637, 642 (1958) (holding that, as a matter of law, a third-party action against an insurance company must be severed from the main non-coverage suit due to the prejudice to which the insurance company would be subjected if the claims were jointly tried before the same jury); Paramount Ins. Co. v. Rosedale Gardens, Inc., 293 A.D.2d 235, 242, 743 N.Y.S.2d 59, 64-65 (1st Dep't 2002); Schorr Bros. Dev. Corp. v. Cont'l Ins. Co., 174 A.D.2d 722, 573 N.Y.S.2d 874 (2d Dep't 1991) ("It has long been recognized that it is inherently prejudicial to third-party defendant insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims").



Hon. Cathy Seibel, U.S.D.J.
May 19, 2017
Page 2                                          Kenneth M. Hervochon v. Iona College, et al.

---

We thank the Court for its attention to this matter.

Very truly yours,

Ann O. Nelson

cc:    counsel of record *(via ECF)*