UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x  Civil No.: 14-CV-6017 (CS)
KENNETH M. HERVOCHON,

                Plaintiff,

    -against-

IONA COLLEGE,

                Defendant/Third-Party Plaintiff,

    -against-

HENNESSEY CONSTRUCTION CO., INC.,

                Third-Party Defendant/
                Fourth-Party Plaintiff

    -against-

GOTHAM INSURANCE COMPANY,

                Fourth-Party Defendant
------------------------------------------------------------------ x
IONA COLLEGE,
                Defendant/Third-Party Plaintiff/
                Second Third-Party Plaintiff,

    -against-

GOTHAM INSURANCE COMPANY,

                Second Third-Party Defendant.
------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF IONA COLLEGE'S MOTION
*IN LIMINE* FOR AN ORDER DIRECTING ENTRY OF JUDGMENT
OVER AND AGAINST GOTHAM INSURANCE COMPANY**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff Iona College*
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

1

# TABLE OF CONTENTS

| | Page |
|---|---:|
| Table of Authorities | ii |
| Introduction | 1 |
| Argument | 1 |
| Point I — Judgment Should Be Entered Against Gotham Because Gotham Is Required To Indemnify Iona For Any Damages Iona Is Required To Pay | 1 |
| Point II — Plaintiff Hervochon Can Collect Directly From Gotham Pursuant to CPLR § 5227 And Federal Rule Of Civil Procedure 69(a) | 2 |
| Conclusion | 4 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amtrust North America, Inc. and Tech v. Safebuilt Ins. Servs., Inc.*,
   2016 WL 6561548 (S.D.N.Y. Nov. 3, 2016) ................................................................ 3

*Conte v. County of Nassau, et al.*,
   No. 06-CV-04746 (JFB) (ARL) (E.D.N.Y. May 4, 2017) ........................................... 2

*Neshwat v. Salem*,
   365 F. Supp. 2d 508 (S.D.N.Y. 2005) ........................................................................ 2

*Port Chester Elec. Constr. Corp. v. Atlas*,
   40 N.Y.2d 652 (1976) ................................................................................................ 4

*Trustees of the 1199/SEIU Greater New York Benefit Fund*,
   2010 WL 3911474 (S.D.N.Y. Oct. 5, 2010) ............................................................... 3

*White Plains Plaza Realty, LLC*,
   108 A.D.3d at 636 (2d Dept. 2013) ........................................................................ 3, 4

**Rules**

CPLR § 5227 ................................................................................................................... 2, 3

Fed. R. Civ. Proc. 69(a) ..................................................................................................... 2

## Introduction

Defendant/third-party plaintiff/second third-party plaintiff, Iona College ("Iona") submits this memorandum of law in support of its motion, *in limine*, for: (i) an Order, directing that any judgment entered against Iona in the plaintiff's personal injury action (the "Hervochon Action"), in favor of the plaintiff shall also be entered against Gotham Insurance Company ("Gotham"), plus interest, costs and disbursements; (ii) an Order, directing that after a final judgment is entered in the Hervochon Action that judgment be entered against Gotham for the reasonable costs, disbursements and legal fees incurred by Iona in defending the plaintiff's action, plus interest, in an amount to be determined on a date set by the Court; and (iii) for such other, further and different relief as the Court in its discretion may deem just and appropriate.

## Argument

### Point I

**Judgment Should Be Entered Against Gotham Because Gotham Is Required To Indemnify Iona For Any Damages Iona Is Required To Pay**

On March 16, 2017, this Court, *inter alia*, granted Iona's motion for summary judgment against Gotham. *See* Transcript of the Court's decision on the motions for summary judgment, issued March 16, 2017 (**Exhibit A**),[1] at 63:21-23. In so doing, the Court held that Gotham is obligated to indemnify and defend Iona under a commercial liability insurance policy, defined as the Gotham Policy, held by the plaintiff's employer, Hennessey Construction Co., Inc. Specifically, in finding that "on the undisputed facts, Iona is an additional insured covered by the Gotham Policy" (*see* Ex. A, at 57:8-11; 59:24-25), the Court held that:

---

[1] All exhibits referenced herein are annexed to the accompanying declaration of Peter A. Meisels, Esq.

1

6654730v.1

> ... and thus Gotham is required to cover any damages Iona is required to pay arising out of the Hervochon action against Iona, and Gotham is obligated to defend Iona. So, Iona's motion for summary judgment as to coverage under the Gotham Policy is granted, and Gotham's motion is denied.

See Ex. A, at 60:2-8.

Based on this Court's March 16, 2017 Order, Gotham is obligated to indemnify Iona for any judgment entered against Iona in favor of the plaintiff and such judgment must be satisfied by Gotham. Thus, by virtue of the law of this case as decided by this Court, any judgment entered against Iona should also be entered against Gotham because as soon as a judgment is entered against Iona, Gotham becomes obligated for its payment to the plaintiff. Further, Gotham must indemnify Iona for the costs, disbursements and legal fees incurred in Iona's defense plus pre and post judgment interest.

## Point II

### Plaintiff Hervochon Is Entitled To Collect Directly From Gotham Pursuant to CPLR § 5227 And Federal Rule Of Civil Procedure 69(a)

Fed. R. Civ. Proc. 69(a) "provides that state laws for enforcing judgments are applicable in federal courts." *Neshwat v. Salem*, 365 F. Supp. 2d 508, n.11 at 523 (S.D.N.Y. 2005).

In New York, courts may enter a judgment directly against an indemnitor of a judgment debtor. *See Conte v. County of Nassau, et al.*, No. 06-CV-04746 (JFB) (ARL) (E.D.N.Y. May 4, 2017), p.4 [ECF. No. 747] (**Exhibit B**) citing CPLR § 5227; quoting *White Plains Plaza Realty, LLC v. Cappelli Enterprises, Inc.*, 108 A.D.3d 634, 635-36 (2d Dept. 2013). More importantly, as the court in *Conte* recently determined, "in federal court, a party may seek relief pursuant to [CPLR 5227] through a motion made in the same proceeding as the underlying judgment." *Id.* citing *Trustees of 1199/SEIU Greater N.Y. Ben. Fund v. Sieger*, 2010 WL 3911474, at *7

(S.D.N.Y. Oct. 5, 2010) ("When a § 5227 petition falls within the scope of the court's ancillary enforcement jurisdiction, it is unnecessary to file a separate plenary p[r]oceeding.").

New York state law permits a court to enter judgment directly against an indemnitor of the judgment debtor or to order the indemnitor to pay the judgment to the judgment creditor.

N.Y. CPLR § 5227 states, in relevant part:

> Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment; or it may direct that a judgment be entered against such person in favor of the judgment creditor.

Here, a special proceeding is unnecessary because in federal court relief pursuant to CPLR § 5227 may be sought by way of a motion made in the same proceeding as the underlying judgment; accordingly, a separate proceeding need not be commenced. *See Trustees of the 1199/SEIU Greater New York Benefit Fund*, 2010 WL 3911474, at *7 (S.D.N.Y. Oct. 5, 2010).

A CPLR § 5227 proceeding "is properly asserted against one who agreed to indemnify the judgment debtor in the underlying proceeding. The judgment creditor stands in the judgment debtor's shoes and may enforce the obligations owed to the judgment debtor by the indemnifying party." *White Plains Plaza Realty, LLC*, 108 A.D.3d at 636 (2d Dept. 2013); *see also Amtrust North America, Inc. and Tech v. Safebuilt Ins. Servs., Inc.*, 2016 WL 6561548 (S.D.N.Y. Nov. 3, 2016) (entering judgment against judgment debtor's indemnitor pursuant to CPLR 5227). Here, there has already been a judicial determination by this Court on March 16, 2017, that Gotham agreed when issuing the Gotham Policy and is obligated to defend and indemnify Iona. *See* Ex. A at 59:24-60:1-8; 63:21-23.

Under CPLR § 5227, Gotham qualifies as an entity that "will become indebted to the judgment debtor," i.e., Iona, in the event a judgment is entered against Iona. *See White Plains*

6654730v.1

*Plaza Realty*, 108 A.D.3d at 635. Pursuant to Gotham's indemnification obligations to Iona, as soon as any judgment is entered against Iona, Gotham becomes obligated for its payment. Accordingly, as Iona's potential judgment creditor, the plaintiff stands in its shoes, and may enforce the obligations owed to Iona by Gotham. *White Plains Plaza Realty,* LLC, 970 N.Y.S.2d at 49; *see also Port Chester Elec. Constr. Corp. v. Atlas*, 40 N.Y.2d 652, 657 (1976).

## Conclusion

Thus, pursuant to this Court's March 16, 2017 order granting Iona's motion for summary judgment against Gotham, any judgment entered against Iona in this action should also be entered over and against Gotham and judgment should also be entered against Gotham for the costs and legal fees incurred by Iona in defending the plaintiff's action.

**WHEREFORE**, Iona respectfully requests that the Court grant its motion *in limine* and issue: (i) an Order, directing that any judgment entered against Iona in this action in favor of the plaintiff shall also be entered against Gotham, plus interest, costs and disbursements; (ii) an Order, directing that judgment be entered against Gotham for the costs, disbursements and legal fees incurred by Iona in defending the plaintiff's action, plus interest, to be determined on a date set by the Court; and (iii) for such other, further and different relief as the Court in its discretion may deem just and appropriate

6654730v.1

Dated: White Plains, New York
August 23, 2017

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Attorneys for Iona College*

/s/ _____
Peter A. Meisels
Rory L. Lubin
Daniel B. Fix
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

6654730v.1