# WEBSTER SZANYI LLP
## ATTORNEYS

Kevin A. Szanyi
Partner

December 15, 2017

**By CM/ECF**
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Hervochon v. Iona College*
Civ. No.: 14-6017

Dear Judge Seibel:

We represent Goldberg Segalla LLP ("Goldberg Segalla"), counsel of record for Plaintiff in this action. I write in response to the Court's December 8, 2017 Order requiring Goldberg Segalla…

> To show cause in writing, no later than 12/15/17, why an order directing it to turn over its file in this case to new counsel should not be entered. Let me also suggest that the two firms try to work out how the contingency fee will be shared. If they are able to reach agreement, the battle over the file may not be necessary. Dkt. 228.

Prior to December 8, 2017, Mr. Kelly's new law firm, Gerber Ciano Kelly Brady LLP ("Gerber Ciano") provided a substitution of counsel concerning this matter. Our firm was in the process of drafting an attorney lien notice and planned to contact Mr. Kelly (through his counsel) concerning the substitution of counsel request. Before we could complete this work, however, Mr. Kelly filed a letter motion with Your Honor on December 8, 2017 [Dkt. 227].

After Mr. Kelly's letter motion was filed, but before Your Honor issued the Order under Dkt. 228, my partner spoke with Mr. Kelly concerning the substitution of counsel request and the attorney fee. The conversation was less than productive with Mr. Kelly taking a position that, even though the case was handled by Goldberg Segalla for four years and settled on September 12, 2017, Mr. Kelly argued that his new firm should receive 75% of the fee. Mr. Kelly provided no legal support for this position.

In an effort to comply with Your Honor's order that the parties attempt to work out the attorney fee, my partner also sent two letters to Mr. Kelly by email. See our correspondence dated December 12, 2017 attached as **Exhibit A** and our correspondence dated December 13, 2017 attached as **Exhibit B**. Mr. Kelly has not responded to either letter.

As the Court will see from Exhibits A and B, Goldberg Segalla stands ready to sign the substitution of counsel and to turn the file over to Gerber Ciano. To proceed with the file transfer, Goldberg Segalla has simply asked Mr. Kelly to acknowledge its attorney's lien, and to agree in writing that Gerber Ciano will place the entire attorney fee in escrow pending an agreed upon resolution of the fee dispute or, alternatively, a formal resolution through judicial means.

The New York Rules of Professional Conduct mandate that disputed fees must be placed in escrow until the fee dispute is resolved. Rule 1.15(b)(4) states:

> Funds belonging in part to a client <u>or third person</u> and in part currently or potentially to the lawyer or law firm shall be kept in such special account or accounts, but the portion belonging to the lawyer or law firm may be withdrawn when due <u>unless the right of the lawyer or law firm to receive it is disputed by the client or third person, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.</u>

Rule 1.15 requires Gerber Ciano to place the anticipated attorney fee in escrow pending resolution of the dispute. Courts have authority to order disputed attorney fees in contingency fee cases be held in escrow pending resolution of the dispute. *Mason v. City of New York*, 2016 WL 2766652, *2 (S.D.N.Y. May 12, 2016). In *Mason*, a client's current and former attorneys disputed the share of the contingency fee earned by each party following settlement of the case. The court ordered that the current attorney hold the fee in escrow "pending the resolution of this fee dispute." *Id.*; *see also Foppiano v. City of New York*, 2002 WL 31202716 (S.D.N.Y. Sept. 25, 2002) (where the disputed contingency fee was deposited into the current attorney's escrow account pending the Court's determination of the fee distribution).

Because Gerber Ciano has refused to recognize Goldberg Segalla's lien and refused to enter into what should be a routine and standard agreement to place the attorney fee into an escrow account pending resolution of the dispute, Goldberg Segalla has been put in the unfortunate position of asking this Court for specific relief.

And so, based on the foregoing, Goldberg Segalla respectfully asks that this Court enter an Order:

1. Ordering Gerber Ciano to place the entire attorney fee in this matter (i.e., the full amount agreed to by the Plaintiff in his original retainer agreement with Goldberg Segalla) to be placed in an attorney escrow account held by either Gerber Ciano's attorneys or Goldberg Segalla's attorneys until such time as Goldberg Segalla and Gerber Ciano agree in writing to an appropriate distribution of the fee or until such time that the fee dispute is resolved pursuant to a judicial determination of the fees;[1]

2. Ordering and directing the reimbursement of disbursements to the respective firms upon receipt of the settlement proceeds;

3. Ordering and directing the disbursement of client proceeds upon receipt of the settlement proceeds; and

4. Providing Goldberg Segalla seven days to transfer the physical and electronic files related to the *Hervochon* case.

Finally, although completely unrelated to the present motion, Goldberg Segalla is compelled to respond to Mr. Kelly's claim [in Docket No. 227] that he was "locked out" of Goldberg Segalla on November 22, 2017. This claim is demonstrably false. No one locked Mr. Kelly or any of his partners out of Goldberg Segalla's offices at any time.

Thank you for your attention and assistance. If Your Honor would like to conference this matter, either by telephone or in person, I will attempt to make myself available at the Court's convenience.

Respectfully yours,

Kevin A. Szanyi
(S.D.N.Y. Reg. # 8864)

KAS:lmd
Attachments

---

[1] Due to the unusual refusal by Gerber Ciano to enter into a routine agreement of holding the anticipated attorney fees in escrow, the Court should order the fees to be held in an escrow account managed by outside counsel for Gerber Ciano or by our firm on behalf of Goldberg Segalla.

cc: William G. Kelly, Esq. (by CM/ECF)
All counsel of record (by CM/ECF)
Laurie Vahey, Esq. (by email)

# EXHIBIT A

**EXHIBIT A**

# WEBSTER SZANYI LLP
## ATTORNEYS

Thomas S. Lane
Partner

December 12, 2017

<u>By Email Only</u>  wkelly@gerberciano.com
William G. Kelly, Esq.
Gerber Ciano Kelly Brady LLP
445 Hamilton Avenue
Suite 1500
White Plains, NY

        Re:    Goldberg Segalla LLP

Dear Mr. Kelly:

        I am in receipt of Judge Seibel's order dated December 8, 2017. I write in accordance with Judge Sedita's direction that the parties attempt to work out "how the contingency fee will be shared." See Dkt. 228.

        As you likely know, it is well settled that in a fee dispute between attorneys in a personal injury action, the outgoing attorney may choose to be compensated on the basis of a fixed dollar amount based upon the reasonable value of the services provided at the time of his/her discharge; or may elect a "contingent percentage fee based on the proportionate share of the work performed on the **whole** case." *Lai Ling Cheng v. Modansky Leasing Co., Inc.*, 73 N.Y.2d 454, 541 N.Y.S.2d 742 (1989) (emphasis added); *see also Jones v. Birnie Bus Service, Inc.*, 15 A.D.3d 951, 789 N.Y.S.2d 789 (4th Dep't 2005). In the event a contingent percentage fee is elected, the determination of the fee apportionment may be agreed upon at the time of substitution but is typically better determined at the conclusion of the case when one can properly determine the amount of the total recovery and the relative contributions of counsel. *Lai Ling Cheng*, 73 N.Y.2d at 459, 541 N.Y.S.2d at 745.

        Please allow this to confirm that Goldberg Segalla LLP hereby elects a contingent percentage fee based on the proportionate share of the work performed on the **whole** case by the respective law firms (i.e., work performed by Goldberg Segalla LLP compared to work performed by Gerber Ciano). As you know, the case was settled three months ago on September 12, 2017. The work required to conclude the settlement is certainly expected to be minimal. I will be pleased to discuss with you the appropriate fee allocation based on our expectations of what remains outstanding to finalize the settlement. If you are interested in such a discussion, please contact me.

1400 Liberty Building • Buffalo, New York 14202
Tel: (716) 842-2800 • Fax: (716) 845-6709
tlane@websterszanyi.com

Alternatively, I suggest we agree in writing that the entire attorney fee be placed in escrow once received and the respective law firms can then reach an agreement concerning the allocation of the fee based on the work actually completed by Gerber Ciano and if no agreement can be reached, submit the matter for formal resolution of the fee dispute as appropriate.

Please advise at your earliest opportunity.

Very truly yours,

Thomas S. Lane

TSL:lmd
cc: Kevin A. Szanyi, Esq.

# EXHIBIT B

**EXHIBIT B**

# WEBSTER SZANYI LLP
ATTORNEYS

Thomas S. Lane
Partner

December 13, 2017

**By Email and Registered Mail**

William G. Kelly, Esq.
Gerber Ciano Kelly Brady, LLP
445 Hamilton Avenue, Suite 1500
White Plains, NY 10601

Re: *Hervochon v. Iona College*
**NOTICE OF ATTORNEY'S LIEN**

Dear Mr. Kelly:

Our law firm represents Goldberg Segalla LLP (the "Firm"). I write in response to your request that the Firm execute a substitution of counsel in this matter. I also write in response to correspondence from your associate indicating that file disbursements will be paid back to the Firm by Gerber Ciano. Disbursements on the file total $▓▓▓▓▓▓ to date. Please note that we will work to arrange for the file to be transferred subject to our further requests and comments below.

Please be advised that Goldberg Segalla LLP has and hereby formally asserts an **attorney's lien** against the proceeds of the settlement in this negligence and Labor Law action by virtue of Goldberg Segalla LLP serving as counsel of record for Mr. Hervochon from case inception to the present. *See* New York State Judiciary Law § 475. In this case, Goldberg Segalla LLP has elected a contingent percentage fee based on the proportionate share of the work performed on the **whole** case by the respective law firms (i.e., work performed by Goldberg Segalla LLP compared to work performed by Gerber Ciano). See my correspondence dated December 12, 2017.

Please confirm in writing your receipt of this notice of attorney's lien. Please also confirm in writing that you and your firm will place the anticipated attorney's fee of approximately $▓▓▓▓▓▓ in an escrow account pending a written agreement by the Firm concerning the allocation and distribution of the attorney's fee or a formal resolution of the fee dispute by methods outlined pursuant to the Firm's Partnership Agreement. Once we receive your written confirmation and agreement we will direct the Firm to turn the file over to you.

If you are unwilling to recognize and honor Goldberg Segalla LLP's lien, please notify me immediately so that I can take appropriate steps to enforce the lien.

Very truly yours,

Thomas S. Lane

TSL:lmd
cc: Christopher Belter, Esq.